UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 11-11212-RWZ


CA'RYNA BOWMAN

v.

MAYFLOWER TRANSIT, LLC.

<u>MEMORANDUM OF DECISION</u>

October 4, 2012


ZOBEL, D.J.

Ca'ryna Bowman ("Bowman") hired Mayflower Transit, LLC ("Mayflower"), to move her belongings from California to New Hampshire and Massachusetts. During the move, Bowman alleges, many of her things were lost or damaged. Mayflower now seeks summary judgment on her complaint because she failed to file a written claim for a specified amount of money within nine months after the move.

**I.      Background**

Except as indicated, the following facts are undisputed. In May 2008, Bowman hired Mayflower to ship her furniture and household goods from North Hollywood, California, to a storage facility in Nashua, New Hampshire, and to Bowman's residence in Chelmsford, Massachusetts. She paid $8,880.16 for the move. The goods were

loaded onto Mayflower's truck on May 30, 2008, and delivered by June 9, 2008.[1] As soon as Bowman saw her articles being delivered, she realized some of them were damaged or missing. Bowman claims she attempted to contact Mayflower by telephone several times to report the problem, but was never able to get through.

On March 5, 2009, Mayflower received a letter from Bowman identifying the shipment and asserting Mayflower's liability for the lost and damaged goods. The letter stated that she had not yet determined the cost of replacement of the goods, and indicated she would forward that information to Mayflower when it was available. The letter also stated that Mayflower was liable for $8,880.16, the amount Bowman had paid for the move, as "full restitution on the services of the contract," in addition to the cost of replacement. Docket # 1, Ex. A.  Finally, the letter sought interest on the amount due and treble damages.

Mayflower refused to compensate Bowman to the extent she believed she deserved. She therefore filed this suit, asserting a claim against Mayflower under the Carmack Amendment, 49 U.S.C. § 14706, as well as various state law claims. The court dismissed Bowman's state law claims as preempted, leaving only her claim under the Carmack Amendment. Mayflower now moves for summary judgment on that last remaining claim.

## II.   Legal Standard

Summary judgment will be granted if there is no genuine dispute as to any

---

[1] The parties apparently dispute whether the goods were delivered on June 8 or June 9. The difference is not material.

material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a). The court must view the record in the light most favorable to the non-moving

party, and draw all justifiable inferences in her favor. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 255 (1986).

## III.   Analysis

The Carmack Amendment and its implementing regulations prohibit interstate

carriers (such as Mayflower) from reimbursing a customer for "loss, damage, injury, or

delay" to shipped goods unless the customer files a qualifying written claim with the

shipper. 49 C.F.R. § 370.3(a); see Nedlloyd Lines v. Harris Transport Co., 922 F.2d

905, 908 (1st Cir. 1991). The statute also permits carriers to set a period of no less

than nine months within which such claims must be filed. 49 U.S.C.

§ 14706(e)(1). Based on that provision, Mayflower's shipping contract required any

such claim against it to be filed within nine months from delivery. Because Bowman's

goods were delivered by June 9, 2008, she had until March 9, 2009 to file her claim.

Bowman did send Mayflower one written communication about her lost and

damaged goods before the claim period expired, namely the letter that Mayflower

received on March 5, 2009. However, that letter does not qualify as a "claim" under the

Carmack Amendment's implementing regulations.

Under 49 C.F.R. § 370.3(b)(3), a claim for loss or damage to shipped goods

must demand "the payment of a specified or determinable amount of money." That

provision is strictly construed in the First Circuit; the claim must demand an exact dollar

value. See, e.g., Delphax Sys. v. Mayflower Transit, 54 F. Supp. 2d 60, 64 (D. Mass.

3

1999) (estimate of "$40,000 to $50,000" failed to state a specified or determinable

amount). Furthermore, the amount demanded must be "relate[d] to the actual damage."

McLaughlin Transp. Sys. v. Rubinstein, 390 F. Supp. 2d 50, 59 (D. Mass. 2005).

    Here, Bowman's letter failed to claim a "specified or determinable amount" for

the damage to her goods; instead, it explicitly stated that Bowman had not yet

determined the cost of replacing her lost and damaged items. Bowman did claim

specific dollar values for "restitution" on her contract, and for fraudulent business

practices. However, those amounts are not related to the actual value of the damage to

her goods; instead, they are based on the price Bowman paid for shipping. They

therefore cannot satisfy 49 C.F.R. § 370.3(b)(3). McLaughlin Transp. Sys., 390 F.

Supp. at 59.[2]

    The First Circuit has recognized two situations in which the failure to file a claim

might be excused: if the shipper was unable despite due diligence to ascertain the

extent of its loss within the claim filing period, or if the carrier misled the shipper into

believing that filing a timely claim was unnecessary. Nedlloyd Lines, 922 F.2d at 909.

Bowman does not argue that the former exception applies, nor would the evidence in

the record support it. Bowman briefly argues that the second exception applies, based

on Mayflower's instruction in its moving booklet telling customers to complete the

written claim form "to the best of your ability." But given the same booklet's explicit

instructions that a proper claim must demand a specific or determinable amount of

---

    [2] To the extent that Bowman's suit seeks a refund of her shipping charges, her claim is apparently time-barred. See 49 U.S.C. § 1705(a) (civil action for refund of shipping charges must be filed within 18 months from when claim accrues).

money, the record cannot support a reasonable inference that Mayflower misled Bowman into believing her letter would suffice. Bowman also points to Mayflower's conduct after the filing deadline expired, including investigating Bowman's claim and offering her a settlement; but Bowman does not explain how that conduct could excuse her prior failure to file a timely claim.

If Bowman's allegations are true, Mayflower's clumsy and unprofessional movers caused substantial damage to her property. But Congress and the Federal Motor Carrier Safety Administration have decided that shippers in Bowman's position shall have no recourse unless they file a timely written claim demanding a specific amount related to the actual property damage suffered. Because Bowman never filed such a claim, summary judgment must enter for Mayflower.

## IV.   Conclusion

Mayflower's motion for summary judgment (Docket # 23) is ALLOWED. Bowman's motion to compel (Docket # 22) and Mayflower's motion to file a reply brief (Docket # 30) are DENIED as moot. Judgment shall enter accordingly.

 

|     October 4, 2012     |     /s/Rya W. Zobel     |
|:---:|:---:|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |